IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERWIN BUTLER, SR.,

        Plaintiff,                   No. 2:12-cv-0038 KJN P

    vs.

UNKNOWN,

        Defendants.         <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding without counsel, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not, however, filed an in forma pauperis affidavit or paid the required filing fee. <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).[1] Moreover, the nature of plaintiff's underlying filing is unclear. Plaintiff did not file a civil rights complaint. The first page of plaintiff's filing is addressed to the Superior Court of California, with the county left blank. (Dkt. No. 1 at 1.) At the top of the document, plaintiff wrote: "To: Librarian Legal Law Library." (<u>Id.</u>) The title of the form used is "Affidavit and Order," with a subtitle of "Affidavit for Attendance." (<u>Id.</u>) Plaintiff states he is confined in the Corcoran Correctional Facility. On the second page, plaintiff appears to seek "Eighth Amendment protection from physical brutality

---

[1] If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.

1

conditions in prison," and requests protective custody. (Id. at 2.) Plaintiff states he is "under medication" and has "health issues." (Id.) However, because plaintiff did not file his claims on the court's complaint form, the court cannot determine who plaintiff alleges violated plaintiff's constitutional rights or where the alleged violations took place.[2]

       In order to commence an action, plaintiff must file a complaint as required by Rule 3 of the Federal Rules of Civil Procedure. A complaint must clearly identify the individuals plaintiff alleges have violated his constitutional rights, and set forth specific factual allegations, i.e. when, where, and what happened, that enable the court and the named defendants to address plaintiff's claims. The court will not issue any orders granting or denying relief until an action has been properly commenced.

       Accordingly, plaintiff's January 6, 2012 filing is dismissed, and plaintiff is granted the opportunity to file a civil rights complaint on the form provided, and to submit an application requesting leave to proceed in forma pauperis or to submit the appropriate filing fee.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1. Plaintiff's January 6, 2012 filing is dismissed with leave to file a civil rights complaint;

       2. Plaintiff is granted thirty days from the date of service of this order to file a complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the complaint must bear the docket number assigned this case; plaintiff must file an original and two copies of the complaint. Plaintiff shall also submit, within thirty days from the date of this order, the application to proceed in forma

---

[2] In addition, the court cannot determine whether plaintiff first exhausted his administrative remedies. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

1 pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $350.00;

2     3. The Clerk of the Court is directed to send plaintiff the court's form for filing a

3 civil rights action, and the application to proceed in forma pauperis by a prisoner; and

4     4. Plaintiff is cautioned that failure to comply with this order will result in the

5 dismissal of this action.

6 DATED: January 13, 2012

7

8                                              KENDALL J. NEWMAN

9                                         UNITED STATES MAGISTRATE JUDGE

10 butl0038.3a

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DERWIN BUTLER, SR.,

        Plaintiff,                     No. 2:12-cv-0038 KJN P

    vs.

UNKNOWN,                            <u>SUBMISSION OF</u>

        Defendants.           <u>IFP or FILING FEE</u>

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____        Civil right complaint; and

        _____        IFP affidavit OR

        _____        The appropriate filing fee

DATED:

                                            _____
                                            Plaintiff